UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICKEY NELSON SWIFT,**
    **Plaintiff,**

 v.                Case No. 07-C-857

**CITY OF MILWAUKEE,**
**CITY OF MILWAUKEE POLICE DEPARTMENT**
**and JON D. OSOWSKI,**
    **Defendants.**

---

## ORDER

  Plaintiff Rickey Nelson Swift, who is detained at the Milwaukee County Jail, lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

  The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $20.00.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual

2

allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the complaint, on November 9, 2004, plaintiff arrived home and found that City of Milwaukee police officers, including defendant Officer Jon D. Osowski, had invaded his home. Plaintiff alleges that his "entire home was torn up." (Compl. at 2.) Specifically, "[h]oles were in the walls, food from plaintiff['s] refrigerator was in plaintiff['s] fish aquarium, televisions in all rooms were thrown on the floor, beds were turned upside down, clothing were all over the floor." Id. Plaintiff found an "illegal search warrant" which stated that it was for plaintiff and his nephew, Shancorrie Smith, and that the police were looking for guns. Plaintiff asserts:

> What plaintiff need to know is what prompted the police office[r] Jon D. Osowski, et al. to get a[n] illegal search warrant for plaintiff['s] home and plaintiff, for guns? What reason did plaintiff gave [sic] Officer Jon D. Osowski, et al. allege that plaintiff would even have a gun? Even if plaintiff false incident was a[n] ounce of truth, why destroy plaintiff['s] walls? Why put food in plaintiff['s] aquarium to kill plaintiff['s] fish. Was this really necessary? Plaintiff feel[s] that police officers Jon D. Osowski, et al. had something

3

personal or they were really trying to do plaintiff bodily harm. Plaintiff, was not home at the time, can't say what each police officer did.

Id. at 3.

Plaintiff further states that it is apparent that the police did not enter his home to make an immediate arrest for a crime that had been or was being committed but rather for the purpose of searching the premises and obtaining information upon which an arrest might then be made. Plaintiff asserts that he was never charged or arrested for any crime, he never broke any laws, and no ticket was issued. He seeks injunctive, compensatory, and punitive relief.

The Fourth Amendment protects a person's home from unreasonable searches. U.S. Const. amend. IV; see also Griffin v. Wisconsin, 483 U.S. 868, 873 (1987). A warrant is valid only where it is based "upon probable cause, supported by Oath or affirmation, and particularly describ[es] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; see also Jacobs v. City of Chicago, 215 F.3d 758, 767 (7th Cir. 2000). A claim for property damage during the execution of a warrant is evaluated under the Fourth Amendment's reasonableness requirement. United States v. Ramirez, 523 U.S. 65, 71 (1998); Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003).

Plaintiff claims that his home was unreasonably searched without a valid search warrant. He may proceed with this claim under the Fourth Amendment.

For the foregoing reasons,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

4

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $330.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 29 day of November, 2007.

/s_____
LYNN ADELMAN
District Judge

6