UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RICKEY NELSON SWIFT,**

    **Plaintiff,**

    v.        Case No. 07-C-857

**CITY OF MILWAUKEE,**
**CITY OF MILWAUKEE POLICE DEPARTMENT,**
**and JON D. OSOWSKI,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, who is incarcerated at the Dodge Correctional Institution, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. Plaintiff claims that his home was unreasonably searched without a valid search warrant in violation of the Fourth Amendment to the United States Constitution. Before the court is defendants' motion for summary judgment and plaintiff's motion to file a second brief in opposition to such motion.

## I. FACTS

According to the complaint, on November 9, 2004, plaintiff's home, located at 3521 North 40th Street, Milwaukee, Wisconsin, was unreasonably searched in violation of the Fourth Amendment. Plaintiff was not at home during the search. However, he alleges that when he came home, he found that his "entire house was torn up . . . [h]oles were in the walls, food from plaintiff['s] refrigerator was in plaintiff['s] fish aquarium, televisions in all rooms were thrown on the floor, beds were turned upside down, clothing were all over the floor." (Compl. at 2.) Plaintiff further alleges that he found an "illegal search warrant" which

stated that it was for him and his nephew, Shancorrie Smith, and that the police were looking for guns.

Defendant Jon Osowski, a police officer with the Milwaukee Police Department, was the officer who obtained the search warrant for plaintiffs' home and commanded the search team that executed the warrant. In his capacity as a police officer, Osowski is responsible for investigations relating to violations of state and federal statutes, particularly narcotics and weapons violations. His duties include investigations of drug trafficking, weapons, and gang activity; the execution of high-risk search warrants; arrest of state and federal suspects; mobile and stationary surveillance; clandestine investigations; and the presentation of cases to federal and state prosecutors.

On November 9, 2004, defendant Osowski submitted an Affidavit in Support of a Search Warrant for 3521 North 40th Street, Milwaukee, Wisconsin. (Osowski Aff. ¶5, Ex. A.) The affidavit was based on Osowski's belief that plaintiff and other convicted felons were keeping firearms in the home. The affidavit states in pertinent part:

> That affiant knows through personal involvement in this investigation and through reports and documents maintained in the regular course of the City of Milwaukee Police Department business, Milwaukee County Sheriff's records and Milwaukee County Circuit Court records that a convicted felon by the name of; Rickey N. Swift, B/M 03-05-58, and Shancorrie Swift B/M 07-29-82, a prohibited person from possessing firearms under valid protection order, are reported to be in possession of 2 firearms; one large frame semi-automatic handgun resembling a "Desert Eagle" and a black colored pump shotgun with pistol grip at 3521 N. 40th S[t.,] their residence, in the City and County of Milwaukee, State of Wisconsin. The affiant was informed by a confidential informant, who wishes to remain anonymous, that within the last 7 days, the confidential informant has observed the 2 firearms previously described, along with a quantity of cocaine, in the residence at 3521 N. 40th S[t.,] [t]he residence of both Rickey N. Swift B/M 03-05-58 and Shancorrie Swift B/M 07-29-82. Both suspects give the address of 3521 N. 40th ST. on Milwaukee Police Department arrest and booking photo's [sic] within the last 3 months. The confidential informant states that he is familiar with weapons

2

and affiant confirmed through interrogation of the informant that the informant had a sound understanding of firearms basics and knew the difference between semi-automatic weapons, revolvers, rifles, shotguns and non-firearm weapons like compressed air guns. The informant stated that he observed both firearms in the residence and in under [sic] the control of Rickey and Shancorrie Swift. The informant states that SWIFT'S use these weapons for the furtherance and protection of the home during drug trafficking trade [sic]. The informant further states that the SWIFTS only distribute and sell 1 ounce quantities, (ZIPS) of cocaine. Affiant knows that larger drug dealers need weapons to protect the home where narcotics are stored and sold.

Id.

On November 9, 2004, based on defendant Osowski's affidavit, Milwaukee County Circuit Court Judge Mary M. Kuhnmuench issued a warrant to search 3521 North 40th Street, Milwaukee, Wisconsin. (Osowski Aff. ¶ 6, Ex. B.) The search warrant provided that officers could search the premises, including all accessible storage areas and all persons present on the premises, because of probable cause to believe that there was a felon in possession of a firearm located at that address. Id. The warrant described the objects of the search as (1) firearms and ammunition; (2) documents, utility bills, keys, and other items used to show who was in control of premises; and (3) firearms manuals and cases. Id.

On the same day, at 3:37 p.m., defendant Osowski and his "Entry Team" executed the search warrant. According to Osowski, the Entry Team made entry into the home through a closed but unlocked front door.[1] As noted, plaintiff was not present during the

---

[1] Plaintiff disputes that the Entry Team made entry into the home through a closed but unlocked front door. Plaintiff asserts that this is not true and that "Jon Osowksi et al broke[] into plaintiff home, never once did Jon Osowski et al state their[] announce or knock on the front door, before breaking into plaintiff home with their[] guns out." (Swift Aff. ¶ 8.) However, plaintiff was not present when the warrant was executed, and thus he lacks personal knowledge concerning the manner of the warrant's execution. See Fed. R. Civ.

execution of the search warrant. The only person present was one adult female, who was secured, read the search warrant, and allowed to leave the scene.[2] While securing the house, the Entry Team made a two-foot-by-four-foot hole in the drywall in front of a crawlspace in the attic because they believed that a person might be hiding in it. Osowski states that he and his officers were concerned about their own safety and the safety of any person who might have been hiding in the crawlspace.

According to defendants, after the Entry Team secured the residence, defendant Osowski entered and conducted the search as outlined in the warrant. Upon entry, he discovered that the house was cluttered and disorderly. It was not set up as living space, but as "an after-hours bar or meeting place." (Osowski Aff. ¶ 8.) Plaintiff disputes that the house was cluttered, disorderly, and not set up as a living space. According to plaintiff, he lived there with three of his brothers and his nephew, "who happen to be some very clean men[]." (Swift Aff. ¶ 8.) During the course of the search, the officers moved several items of plaintiff's property. Osowski states that his team did no damage to the physical residence (other than the hole in the drywall) or to any property inside the residence during the course of the search. Consistent with the search warrant, all spaces were searched, including all rooms, shelves, closets, clothing, the kitchen, the refrigerator, bedrooms,

---

P. 56(e)(1) (supporting affidavit must be made on personal knowledge). Plaintiff has not submitted the affidavit of anyone who was present at the time of the warrant's execution.

[2] Plaintiff states that the adult female who defendant Osowski claims left the scene did not, in fact, leave the scene, and that she was not an adult but rather was plaintiff's teenage niece. However, the age of the female who was present is not material to any of the issues in this case. Moreover, defendant Osowski did not say that she left the scene but rather that she was "secured, read the Search Warrant, and <u>allowed</u> to leave the scene." (Osowski Aff. ¶ 7 (emphasis added).)

4

bathrooms, and the attic. During the search, the officers found and seized a box of WIN Super X .38 Special Ammo.

## II. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> For a fact to be material, it must relate to a matter that "might affect the outcome of the suit." <u>Id.</u>

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, <u>Anderson</u>, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. <u>Id.</u> at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 323. When the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy his initial burden simply by pointing out the absence of evidence. <u>Id.</u> at 325. Once the moving party's initial burden

5

is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989). In considering a motion for summary judgment, the court may consider any materials that would be admissible or usable at trial, including properly authenticated and admissible documents. Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000). It must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the court is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## B. Merits of Summary Judgment Motion

In support of their motion for summary judgment, defendants contend that (1) the Milwaukee Police Department should be dismissed as a defendant; (2) plaintiff is unable to prove an unconstitutional policy, practice, or custom in support of his § 1983 claim against the City of Milwaukee; (3) the Fourth Amendment claim is not viable; and (4)

6

Officer Osowski is entitled to qualified immunity. Plaintiff contends that the summary judgment motion should be denied and he seeks a jury trial on all claims.

First, the Milwaukee Police Department is not a legal entity separable from the municipality which it serves, and therefore it is not subject to suit. See Whiting v. Marathon County Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004); see also Buchanan v. Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) (citing cases). Thus, the police department will be dismissed as a defendant.

The City of Milwaukee is also named as a defendant. Under 42 U.S.C. § 1983, a municipality cannot be held liable solely on the grounds of respondeat superior. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). However, the government as an entity is responsible "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury." Id. at 691. There must be a direct causal link between the alleged unconstitutional deprivation and the municipal policy or custom at issue. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Unconstitutional policies or customs can take three forms:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

Palmer v. Marion County, 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted). Because plaintiff has not alleged any facts indicating that defendant City of Milwaukee has embraced any unconstitutional policies or customs, it will be dismissed from this action.

7

I now turn to plaintiff's Fourth Amendment claim against the remaining defendant, Officer Osowski. Defendant Osowski contends that he is entitled to summary judgment because he was acting under a duly authorized and legal search warrant and that his conduct in executing the search was reasonable. Osowski further contends that he is entitled to qualified immunity. Plaintiff, on the other hand, contends that the search warrant was illegal and that defendant Osowski unreasonably searched the house.

A warrant is valid under the Fourth Amendment only where it is based "upon probable cause, supported by Oath or affirmation, and particularly describ[es] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.; see also Jacobs v. City of Chicago, 215 F.3d 758, 767 (7th Cir. 2000). In the present case, the warrant to search plaintiff's residence was facially valid. It was signed by a judge, supported by probable cause as set forth in Osowski's affidavit, and described with particularity the place to be searched and the things to be seized. However, plaintiff contends that the search warrant was illegal because Osowski gave a false affidavit in support of the warrant. Specifically, plaintiff contends that, contrary to the affidavit, no confidential informant had recently observed plaintiff with two firearms, and plaintiff had not sold one-ounce quantities of cocaine. (Swift Aff. ¶ 3.) Plaintiff also contends that, contrary to Osowski's affidavit, plaintiff was not an associate of the Black Gangster Disciple Nation. (Swift Aff. ¶ 4.) Plaintiff claims that defendant Osowski "is making up the confidential informant and all other false information and lying to the Honorable Judge Mary M. Kuhnmuench just to obtain the search warrant." (Swift Aff. ¶ 5.)

In Franks v. Delaware, 438 U.S. 154, 155-56 (1978), the Supreme Court held that a search warrant issued based upon an affidavit containing a falsehood violates the Fourth

8

Amendment where: (1) such affidavit includes a false statement; (2) the false statement was either deliberately made with knowledge of its falsity or was made with reckless disregard of the truth; and (3) the affidavit would have failed to establish probable cause if the false statement was not included in the affidavit. See also Perlman v. City of Chicago, 801 F.2d 262, 264 (7th Cir. 1986) (Franks standard applies to civil action for damages based on allegation that a police officer deliberately misrepresented fact in a warrant affidavit). However, there is a "presumption of validity with respect to the affidavit supporting the search warrant." Molina v. Cooper, 325 F.3d 963, 968 (7th Cir. 2003) (quoting Franks, 438 U.S. at 171). To rebut this presumption, plaintiff must provide evidence that defendant Osowski "knowingly or intentionally or with a reckless disregard for the truth, made false statements to the judicial officer, and that the false statements were necessary to the judicial officers' determinations that probable cause existed for the arrests." Molina, 325 F.3d at 968 (quoting Beauchamp v. City of Noblesville, 320 F.3d 733, 742 (7th Cir. 2003)).

In the present case, plaintiff has submitted absolutely no evidence that would overcome the presumption of validity afforded to Osowski's affidavit. Although plaintiff asserts that information in the affidavit was false, he offers no evidence from which a jury could reasonably infer that Osowski made any statements with knowledge that they were false or with reckless disregard for the truth. Plaintiff simply calls Osowski a liar. Because this is not enough to create a triable issue of fact, Osowski is entitled to summary judgment on this claim. See Forman v. Richmond Police Dep't, 104 F.3d 950, 964 (7th Cir. 1997) (granting summary judgment where plaintiff failed to offer "one shred of evidence that

9

[officer] knowingly or intentionally included a false statement in the affidavit, or that he included material in the affidavit with reckless disregard for the truth.").

Plaintiff also contends that the the search itself was unreasonable. The Fourth and Fourteenth Amendments provide a remedy when a citizen's property is unreasonably damaged during a search. See Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003) (United States v. Ramirez, 523 U.S. 65, 71 (1998) (holding that "the general touchstone of reasonableness which governs Fourth Amendment analysis, governs the method of execution of the warrant. Excessive or unnecessary destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression")). In Heft, 351 F.3d at 280, a homeowner filed suit against police officers alleging that the officers violated her civil rights by injuring her, causing unreasonable property damage to her home, and planting evidence. The court of appeals affirmed summary judgment for the police officers on the property destruction claim because the homeowner failed to present sufficient evidence that the officers harmed her property. Id. at 282-83. The court reasoned:

> Even construing all of the facts in the light most favorable to Heft, however, there is no genuine issue of material fact. The entirety of evidence presented by Heft in support of her claim that the defendants used unreasonable force in the search of her home was her allegation that her home was in a state of devastation immediately after the police raid. While the defendants agreed that they moved several items that belonged to Heft during the course of the search, they also alleged that her house was cluttered and disorderly prior to the search. Heft provided no evidence regarding the pre-search condition of her home or any specific evidence that any property item was damaged. In other words, Heft failed to provide evidence that the police harmed her property at all, let alone provide evidence that the police harmed her property unreasonably. For that reason, the district court properly granted summary judgment in favor of [the officers].

Id.

The present case is indistinguishable from Heft. Plaintiff was not present during the search, and thus, as in Heft, his only evidence of property damage is his allegation that, upon arriving home after the search, he discovered that his home was in a state of devastation. (Swift Aff. ¶ 2.) As in Heft, the officers conducting the search admit that they moved items during the search, but allege that the house was cluttered and disorderly prior to the search. (Osowski Aff. ¶ 8.) As in Heft, plaintiff has provided no evidence regarding the pre-search condition of his home or any specific evidence that any item of property (other than his bedroom wall, which I address in the next paragraph) was damaged. To be sure, plaintiff claims that he and his roommates were "very clean men[]" (Swift Aff. ¶ 8), but that does not mean that the home was very clean immediately prior to the search, or that the officers destroyed any specific piece of property (as opposed to merely moving it). Therefore, as in Heft, the officer's motion for summary judgment must be granted

As noted, Osowski concedes that officers under his control made a two-foot-by-four-foot hole in the bedroom drywall based on their belief that a person might have been hiding in the crawlspace behind the wall. (Osowksi Aff. ¶ 7.) Osowski states that a person hiding in the crawlspace would have presented a safety threat both to the officers conducting the search and to himself, and that therefore the officers cut a hole in the wall as a precautionary measure. Plaintiff presents no evidence that this precautionary measure was unreasonable. He does not allege that the officers could have safely and effectively determined whether there was anyone in the crawlspace without cutting a hole in the wall, such as by looking through the entry to the crawlspace. Plaintiff simply states his belief that it is unlikely that anyone would ever hide in a crawlspace. However, because the officers were searching the home for weapons, they had reason to take precautions for

11

their safety, and from the present record, I cannot conclude that a reasonable jury could find that the officers' method of securing the crawlspace was unreasonable. Therefore, defendants' motion for summary judgment will be granted.

**C.     Plaintiff's Motion to File Additional Brief**

On January 13, 2009, plaintiff filed a motion seeking leave to file a second brief in opposition to defendants' motion for summary judgment on the ground that he did not have an adequate opportunity to conduct legal research while he was incarcerated at the Milwaukee County Jail and Dodge Correctional Institution. Plaintiff also asserts that defendants failed to provide him with the text to Civil Local Rule 56.2 (E.D. Wis.), as required by the Local Rules. Defendants oppose plaintiff's motion.

As an initial matter, defendants' motion for summary judgment has been fully briefed since September 17, 2008, and plaintiff does not provide any justification for the delay in seeking to file an additional brief. Had plaintiff wanted to present additional legal authorities in opposition to the motion but his incarceration prevented him from conducting the necessary research, he could have filed a motion seeking additional time to respond to defendants' motion prior to actually filing his response. However, plaintiff has already filed his response (and cited legal authority), and defendants have already replied to his response. Moreover, a second brief would not help plaintiff's case. As explained above, defendants are entitled to summary judgment because plaintiff has failed to submit any admissible evidence raising a genuine issue of material fact. It is this failure to produce evidence, not a failure to make legal arguments, that requires the entry of summary judgment. Thus, I find that it would be inefficient and pose an undue burden on defendants to allow plaintiff to file an additional brief.

12

Although plaintiff correctly notes that defendants failed to provide him with a copy of Civil Local Rule 56.2, which specifies this District's requirements regarding the form of summary judgment motions, plaintiff was not prejudiced by this failure because he was not held to the standards set forth in that rule. Specifically, even though plaintiff did not file a specific response to each of defendants' proposed findings of fact, the court still looked at plaintiff's affidavit to determine whether any relevant, material facts were in dispute. Further, defendants did provide plaintiff with the text of Fed. R. Civ. P. 56(e) & (f) and inform him that the court would accept defendants' facts as true unless plaintiff contradicted them with his own affidavit or other admissible evidence. (See Docket Entry #21.) Therefore, defendants' failure to serve plaintiff with a copy of Local Rule 56.2 was harmless and does not require that plaintiff be given an opportunity to file a supplemental brief.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to file an additional brief is **DENIED**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment dismissing plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 24 day of January, 2009.

/s_____
LYNN ADELMAN
District Judge